*Pro Se*
Andre M. Duffy
417 Shadow Way Lane
Pensacola, FL 32506

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 OCT -7  PM 4: 26

NANCY M.
MAYER-WHITTINGTON
CLERK

FILED
OCT - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE M. DUFFY
417 Shadow Way Ln.
Pensacola, Fla - 32506   Plaintiff

VS.

VERIZON COMMUNICATIONS, INC
VERIZON WASHINGTON, INC., LAWRENCE T.
BABBIO, ANTHONY A. LEWIS, MICHAEL HOOVER,
MARK GILBERT, JOHN DOES 1 THROUGH X
(X being individuals whose identities are presently unknown),
and ABC CORP. 1 THROUGH X (X being corporations or
Other Business entities whose identities are currently
Unknown),

                    Defendants,

CASE NUMBER   1:05CV02005

JUDGE: Richard W. Roberts

DECK TYPE: Employment Discrimination

DATE STAMP: 10/7/2005

Civil Action

**Complaint**

Plaintiff for his Complaint herein, respectfully alleges:

### FACT COMMON TO ALL COUNTS

1. Defendants VERIZON WASHINGTON, INC. and its parent company VERIZON COMMUNICATIONS, INC (collectively "Verizon") are corporations of the United States of America registered to and doing business in the District of Columbia, Washington with offices located at 1710 H. Street NW, Washington, D.C. 2006

2. Plaintiff is now a resident of the State of Florida, County of Pensacola, residing at 417 Shadow Way Lane, Pensacola, FL 32506

3. Defendants, LAWRENCE T. BABBIO, ANTHONY A. LEWSI, MICHAEL HOOVER, and MARK GILBERT are employees of VERIZON.

1

4. Defendants are registered to and do business in the District of Columbia, maintain an office there, and plaintiff's employment with defendants was in Washington, DC and therefore, venue is proper in the District of Columbia, Washington.

5. This cause of action arose out of plaintiff's employment relationship with defendant VERIZON.

6. Plaintiff was employed as a cable splicing technician with VERIZON, responsible for performing service and cable splicing technologies.

7. While employed by VERIZON, plaintiff was a valued and awarded employee, outperforming many of his colleagues and receiving high marks in VERIZON testing.

8. On or about August 15, 2003, plaintiff was engaged in regular course of employment with VERIZON; that is cable splicing in the Washington DC area. Such work entailed receiving numerous assignments, driving to such assignments throughout the Washington, D.C. area, performing cable splicing services to such areas, and interacting with the general public.

9. On or about that same day, August 15, 2003, an individual complained to the defendant, VERIZON, that she had been verbally approached by a Verizon technician. The defendant took information from the individual.

10. The individual alleged that the defendant followed her in a VERIZON van for approximately one and half miles, verbally harassing her the entire time.

11. On or about September 12, 2003 the plaintiff was approached by VERIZON about the above stated complaint alleged by the individual. Because the plaintiff performed numerous orders/jobs on a given day, the lapse in time from the incident and the numerous contacts with individuals on the street, the plaintiff was unable to recall the incident in any manner initially.

12. On or about September 23, 2003, after reviewing worksheets and the area alleged, the plaintiff informed VERIZON that he remembered greeting a woman who passed by him at a SAC box on the street. The plaintiff then informed VERIZON that he then attempted to find an address faxed to him that did not exist. After calling in several times, the address changed each time he called to verify, which kept the plaintiff in the general vicinity of the incident. He stated the same woman

then came up to him in his vehicle as he looked to verify the address and told him in sum and substance to stop following him. As the plaintiff knew he was not following the woman and because he came across many different personalities on the street, he dismissed the incident as her having mistaken him for someone else or that the woman may be mentally impaired. Plaintiff gave VERIZON several corroborating facts to support his recitation of incident including; paper records, customers at the time and place alleged, phone conversations with supervisors and the base office during the alleged incident.

13. During the investigation and later the grievance process, defendant informed the plaintiff that they had not investigated the veracity or checked the information that the plaintiff had provided to corroborate his version of the events. Defendant refused to question the individual again after receiving valid contradictory information from the plaintiff.

14. On or about October 10, 2005 the plaintiff was terminated by VERIZON based on this incident.

15. Defendants' actions and the subsequent firing of the plaintiff are in violation of a clear mandate of public policy and in violation of an implied contract of employment.

### COUNT ONE
### (Wrongful Discharge – Breach of Implied Contract)

16. Plaintiff repeats, restates and realleges each and every allegation contained above as if fully set forth herein.

17. Defendants entered into an implied contract not to discharge plaintiff employee without following general guidelines and operating fairly and in good faith.

18. Defendants breached said contract by discharging plaintiff employee without investigating fully and in good faith the information provided to defendant by the plaintiff employee.

19. Defendants had an obligation not to discharge plaintiff without fairly examining the information he provided to validate his actions.

20. As a direct result of defendants' breach, plaintiff suffered severe economic damages.

21. **WHEREFORE**, Plaintiffs demand (1) judgment for compensatory damages, costs, interests, disbursements and attorneys' fees, (2) together with such other relief as this Court deems just and proper.

## COUNT TWO

### (Wrongful Discharge – Tort)

22. Plaintiff repeats, restates and realleges each and every allegation contained above as if fully set forth herein.

23. Defendants entered into an implied contract not to discharge plaintiff employee without following general guidelines and operating fairly and in good faith.

24. Defendants breached said contract by discharging plaintiff employee without investigating fully and in good faith the information provided to defendant by the plaintiff employee.

25. Defendants had an obligation not to discharge plaintiff without fairly examining the information he provided to validate his actions.

26. As a direct result of defendants' breach, plaintiff suffered severe economic damages.

27. **WHEREFORE**, Plaintiffs demand (1) judgment for compensatory damages, costs, interests, disbursements and attorneys' fees, (2) together with such other relief as this Court deems just and proper.

## COUNT THREE

### (Intentional Infliction of Emotional Distress)

28. Plaintiff repeats, restates and realleges each and every allegation contained above as if fully set forth herein.

29. Defendants engaged in intentional, willful, and malicious acts, namely defendants falsely and wrongfully discharged plaintiff without investigating fully and in good faith the information provided to defendant by the plaintiff employee
30. Defendant's intentional, willful, and malicious false statements caused plaintiff to endure such irreparable harm that is so outrageous that no reasonable person should be made to endure it.
31. Defendants' acts were unjustified and defendants are culpable.
32. **WHEREFORE**, Plaintiffs demands judgment against defendant, for compensatory and actual damages, punitive damages, cost of suit, interest, attorneys' fees, and other such relief as the Court deems proper.

## COUNT FOUR
### (Prima Facie Tort)

33. Plaintiff repeats, restates and realleges each and every allegation contained above as if fully set forth herein.
34. Defendants engaged in intentional, willful, and malicious acts, namely defendants falsely and wrongfully discharged plaintiff without investigating fully and in good faith the information provided to defendant by the plaintiff employee
35. Defendant's intentional, willful, and malicious false statements caused plaintiff to endure such irreparable harm that is so outrageous that no reasonable person should be made to endure it.
36. Defendants' acts were unjustified and defendants are culpable.
37. **WHEREFORE**, Plaintiffs demands judgment against defendant, for compensatory and actual damages, punitive damages, cost of suit, interest, attorneys' fees, and other such relief as the Court deems proper.

**WHEREFORE**, plaintiff demands judgment against defendant, for compensatory and actual damages, punitive damages, cost of suit, interest, attorneys' fees, and other such relief s the Court deems proper.

DATED: 10/7/05

Andre Mario Duffy
417 Shadow Way Ln.
Pensacola, FL
32506
Phone Not Given