IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre M. Duffy,

Plaintiff,

v.

Verizon Communications Inc.,
Verizon Washington Inc.,
Lawrence T. Babbio,
Anthony A. Lewis,
Michael Hoover,
Mark Gilbert,
John Does 1 through X (X being individuals whose identities are presently unknown),
and ABC Corp. 1 through X (X being corporations or Other Business entities whose identities are presently unknown)

Defendants.

Case Number No.: 05-02005 TFH

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS VERIZON COMMUNICATIONS INC., VERIZON WASHINGTON INC., LAWRENCE T. BABBIO, ANTHONY A. LEWIS, MICHAEL HOOVER, AND MARK GILBERT**

COMES NOW Verizon Communications Inc., Verizon Washington Inc., Lawrence T. Babbio, Anthony A. Lewis, Michael Hoover, and Mark Gilbert (collectively "Defendants"), by counsel, and pursuant to FED.R.CIV.P. 8(a), 12(b)(6), and Local Rule 7, hereby move to dismiss the Complaint filed by Andre M. Duffy, Plaintiff *pro se.* Plaintiff's Complaint must be dismissed in its entirety because it fails to state a claim upon which relief can be granted and is barred by the applicable statute of limitations.

Respectfully submitted this day, August 29, 2006.

By Counsel

/s/ Amy Miller

Amy Miller
D.C. Bar No. 473517
McGuireWoods LLP
1750 Tysons Blvd. Suite 1800
Telephone: 703.712.5079
Facsimile: 703.712.5193
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Andre M. Duffy,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Communications Inc.,<br>Verizon Washington Inc.,<br>Lawrence T. Babbio,<br>Anthony A. Lewis,<br>Michael Hoover,<br>Mark Gilbert,<br>John Does 1 through X (X being individuals whose identities are presently unknown),<br>and ABC Corp. 1 through X (X being corporations or Other Business entities whose identities are presently unknown)<br><br>Defendants. | Case Number No.: 05-02005 TFH |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Andre M. Duffy was terminated by his employer for harassing a third party who complained about his conduct while he was serving as a cable splicing technician. While Plaintiff admitted to interacting with the complainant, he denied that the specific allegations were true. Plaintiff asserts that Verizon conducted an investigation into the incident, and afforded Plaintiff the opportunity to tell his side of the story and provide supporting information and documents. Verizon then terminated Plaintiff in October 2003. Two years later, Plaintiff filed

the instant Complaint, alleging that Defendants discharged him without fully investigating all of the information he provided.

These underlying factual allegations, even if proven true, cannot support a claim of wrongful discharge based on breach of implied contract or violation of public policy. Further, Plaintiff's separate claim of intentional infliction of emotional distress is frivolous, and does not meet the minimum legal standard required for this claim. Finally, Plaintiff's defamation claim fails as a matter of law and is barred by the one-year statute of limitations.

## II. BACKGROUND FACTS[1]

Plaintiff was employed as a cable splicing technician with Verizon Washington Inc. ("Verizon") in August 2003. (Compl. ¶¶ 6, 8). On or about August 15, 2003, a female individual complained to Verizon that a Verizon technician "verbally approached" her, and "followed her in a Verizon van for approximately one and half [sic] miles, verbally harassing her the entire time." (Compl. ¶¶ 9-10). On or about September 12, 2003, an unnamed Verizon official(s) met with Plaintiff about the allegations, but Plaintiff claimed at the time he "was unable to recall the incident in any manner initially." (Compl. ¶ 11). Later, "on or about September 23, 2003, after reviewing worksheets and the area alleged, Plaintiff informed Verizon" that he did indeed recall interacting with a woman on the day in question, but denied that he engaged in the specific conduct she described. (Compl. ¶ 12). Verizon conducted an investigation, and Plaintiff provided information and documents his support of his defense. (Compl. ¶ 12-13). Plaintiff did not believe that Verizon's investigation was sufficiently

[1] All facts are derived exclusively from Plaintiff's Complaint, and Defendants assume them to be true only for the purposes of this Motion to Dismiss pursuant to Rule 12(b)(6).

thorough. (Compl. ¶ 12-13). Verizon terminated Plaintiff on October 10, 2003, based on the incident.[2] (Compl. ¶ 14).

Plaintiff filed this action on October 7, 2005, alleging wrongful discharge based on breach of implied contract and "tort," as well as separate claims of intentional infliction of emotional distress and "prima facie tort." In addition to suing his employer and its parent corporation, Verizon Communications Inc., Plaintiff brings this action against several Verizon corporate officers and executives who are not specifically referenced anywhere in the factual allegations of the Complaint.

Notably, Plaintiff failed to serve any of the Defendants within the statutory time frame set forth in FED.R.CIV.P. 4(m). The Court granted an additional thirty (30) days to effect service on July 10, 2006, and Plaintiff finally served Defendants on the 30th day. (Order, dated July 10, 2006). Defendants now seek to dismiss this action in its entirety.

## III. ARGUMENT

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted "when it appears beyond doubt that the [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." FED.R.CIV.P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc., 774 A.2d 332, 336 n.1 (D.C.A. 2001). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a Complaint contain

---

[2] Plaintiff mistakenly states he was terminated on October 10, 2005, but this is a typographical error, as his termination was effective October 10, 2003. See Ex. A (separation form). The Court may consider documents outside the pleadings without converting the motion into one for summary judgment if the documents are referenced in the complaint and central to the plaintiff's claims. See Sharpe v. Nat'l Football League Players Ass'n, 941 F. Supp. 8, 10 n.1 (D.D.C. 1996) (disposition under Rule 12(b)(6) proper because document was referenced in the complaint and central to the plaintiff's claims). Even if the Court did not consider this attached document, it is clear that the date alleged by Plaintiff is a typographical error because Plaintiff's Complaint was filed on October 7, 2005, so he could not have alleged any facts that occurred after the time of his filing.

"a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under these Rules, the Court should "construe the facts on the face of the complaint in the light most favorable to the non-moving party, and accept as true the allegations in the complaint." Finkelstein, 774 A.2d at 336 n.1. In other words, if it remains clear that no relief could be granted to the plaintiff, even if the plaintiff's allegations are true, then the claim must be dismissed. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Indeed, the purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and fact-finding for claims that have no legitimate legal basis. See id. at 326-27.

**B. Count One - "Wrongful Discharge-Breach of Contract" Should Be Dismissed.**

Plaintiff's wrongful discharge claim under a "breach of contract" theory fails to state that there was any employment contract at all. Rather, Plaintiff alleges in conclusory fashion that "Defendants entered into an implied contract not to discharge plaintiff employee without following general guidelines and operating fairly and in good faith." (Compl. ¶ 17). Notably, Plaintiff identifies no employment contract anywhere in the Complaint containing this language, nor does he point to any manual, guidelines, oral representation, or any information whatsoever that might constitute this "implied contract" between him and any of the Defendants.[3] Nevertheless, Plaintiff surmises that "Defendants had an obligation not to discharge plaintiff without fairly examining the information he provided to validate his actions." (Compl. ¶ 19).

[3] To the extent Plaintiff attempts to state a breach of contract claim under Section 301 of the Labor Management Relations Act, which he clearly does not in his Complaint, this claim would also be barred by his failure to exhaust his contractual remedies, and should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. See Battle v. Rubin, 121 F. Supp. 2d 4, 9 (D.D.C. 2000) (dismissing Title VII claim for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies); Suzal v. Director, U.S. Info. Agency, 32 F.3d 574, 585 (D.C. Cir. 1994) (concluding plaintiff's failure to exhaust collectively bargained grievance procedures deprived court of subject matter jurisdiction to hear appeal of district court's dismissal of claim). Such a claim would also be barred by the applicable six-month statute of limitations. See Del Costello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164-165 (1983); Coppage v. U.S. Postal Service, 281 F.3d 1200, 1204 (11th Cir. 2002).

In the absence of any such contract, as is the case here, Plaintiff's allegations cannot form the basis of a wrongful discharge claim. In the District of Columbia, there is a presumption of at-will employment, meaning that an employment relationship is terminable by either side at any time for any reason. See Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 91 (D.D.C. 2004) (granting motion to dismiss breach of contract claim). Even if Plaintiff had alleged the existence of certain personnel manuals containing this language, which he does not, such documents do not generally create an implied contract between the employee and employer. See Byrne v. National Railroad Passenger Corporation, No. 05-7082, 2006 U.S. App. LEXIS 13502 (D.C. Cir. May 30, 2006)(granting defendant's motion to dismiss, despite the existence of a personnel manual). Further, had there been a "contract" requiring Verizon not to discharge Plaintiff "without following general guidelines and operating fairly and in good faith," (Compl. ¶ 17), Plaintiff does not even set forth facts showing that Verizon violated this requirement. On the contrary, Plaintiff alleges that Defendants did conduct an investigation and afforded Plaintiff to explain his side of the story before terminating him. (Compl. ¶¶ 11, 13). Count I should be dismissed with respect to all of the Defendants, as Plaintiff has failed to allege basic facts supporting there was an implied contract underlying this claim.

**C. Count II - "Wrongful Discharge-Tort" Should Be Dismissed.**

Plaintiff's claim of wrongful discharge under a "tort" theory must also be dismissed for failure to state a claim. With the exception of the header, the allegations under Count II are verbatim of those in Count I. Indeed, it is not clear whether Plaintiff claims some type of tortious interference with contract, or if he attempts to articulate a public policy exception to the at-will doctrine. Any "tortious interference" claim would necessarily require an underlying contract of employment which, as explained above, does not exist in this case.

To state a claim of wrongful discharge under a public policy theory, a plaintiff must "make a clear showing, based on some identifiable policy that has been officially declared in a statute or municipal regulation, or in the Constitution," that warrants an exception to the at-will employment doctrine. Riggs v. Home Builders Institute, 203 F. Supp. 2d 1, 6 (D.D.C. 2002)(citations omitted). Although the District of Columbia Court of Appeals has left open the possibility that other situations might warrant a public policy exception, such as to protect whistleblowers, see Carl v. Children's Hospital, 702 A.2d 159, 161 (D.C. 1997), these narrow exceptions simply do not apply to general, internal investigations in the employment context. Simply put, Plaintiff fails to state that any of the Defendants committed an illegal act or engaged in any wrongdoing that violates an identifiable public policy. Therefore, Count II should be dismissed for failure to state a claim against all of the Defendants.

**D. Count III – "Intentional Infliction of Emotional Distress" Should Be Dismissed.**

Plaintiff's claim of intentional infliction of emotional distress also must be dismissed because it is clear from the underlying allegations that he "can prove no set of facts in support of his claim would entitle him to relief." Conley, 355 U.S. at 45-46. A claim of intentional infliction of emotional distress must allege facts supporting that "the defendant engaged in extreme and outrageous conduct that either intentionally or recklessly caused the plaintiff severe emotional distress." Duncan v. Children's Nat'l Med. Ctr., 702 A.2d 207, 211 (D.C. 1997)(dismissing claim on 12(b)(6) motion where employee was allegedly exposed to radiation and suffered other hardships in employment). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Williams v. Fannie Mae, No. 05-1483, 2006 U.S. Dist. LEXIS 42911, at 30 (D.D.C. June 26, 2006).

According to the courts in the District of Columbia, "our cases show that, generally, employer-employee conflicts do not rise to the level of outrageous conduct." Duncan, 702 A.2d at 212.

This case is no exception. Again, Plaintiff merely alleges the same facts as above, and also states, in sweeping fashion, that Verizon's "intentional, willful, and malicious" acts and statements caused him harm. (Compl. ¶¶ 29, 30). The District of Columbia courts have dismissed claims for intentional infliction for emotional distress on a Rule 12(b)(6) motion where far more severe allegations were asserted than those made by Plaintiff. See District of Columbia v. Thompson, 570 A.2d 277, 290 (D.C. 1990) (citation omitted), modified, 593 A.2d 621 (D.C. 1991)(dismissing claim where employee alleged pattern of criticism and misrepresentation, assault, and subsequent termination by employer); Brown v. Sim, Civil Action No. 03-2655, 2005 U.S. Dist. LEXIS 35415 (D.D.C. Sept. 30, 2005)(dismissing claim where employer failed to reinstate or promote employee following an injury, as well as harassed him based on his race). As Plaintiff offers no additional support as to the contents of the statements, or the nature and degree of the harm, his allegations are no more than "vague and conclusory," and must be dismissed. Brown, at *16. Count III must be dismissed with respect to all of the Defendants.

**E. Count IV – "Prima Facie Tort" Should Be Dismissed.**

Count IV of Plaintiff's Complaint is even more vague, as it merely alleges "prima facie tort," and repeats, verbatim, the same allegations in Count III. As there is no such recognizable claim of "prima facie tort" in the District of Columbia, it should be dismissed under Rules 8(a) and 12(b)(6). Even if Plaintiff attempts to allege the specific tort of defamation, which is not clear, the claim must still be dismissed because it is barred by the applicable statute of limitations, and the allegations fail to state a claim upon which relief may be made.

**1. Plaintiff's Claim is Barred by the One-Year Statute of Limitations.**

In the District of Columbia, the statute of limitations for defamation runs one year from the first publication of the allegedly defamatory statement. See Youming Jin v. Ministry of State Security, 254 F. Supp. 2d 61, 68 (2003)(citing D.C. Code § 12-301(4)). Here, Plaintiff fails to allege there was any publication of any defamatory statement. Even so, all of the facts and circumstances contained in Plaintiff's Complaint occurred in 2003. (Compl. ¶¶ 8-14). As Plaintiff did not file the instant action until October 2005, two years after his termination and the surrounding events, this claim is barred by the statute of limitations and must be dismissed.

**2. Plaintiff's Allegations Fails to State of Claim of Defamation.**

Plaintiff's purported defamation claim also must be dismissed because his substantive allegations do not form the basis for a cognizable claim. To state a claim for defamation in the District of Columbia, a plaintiff must, at a minimum, allege facts that show that (1) the defendant made a false and defamatory statement concerning the plaintiff, (2) the defendant published the statement without privilege to a third party, (3) the defendant's fault in publishing the statement amounted to at least negligence; and (4) either the statement is actionable as a matter of law irrespective of special harm, or that its publication caused special harm. Marsh v. Holland, 339 F. Supp. 2d 1, 8 (D.D.C. 2004).

Here, as with his other allegations, Plaintiff simply does not provide enough facts to state a defamation claim. The Complaint offers only a legal conclusion, making no mention whatsoever of what statement Defendants made, therefore leaving this Court with no ability to determine whether or not the statement was false or defamatory. Additionally, Plaintiff alleges no facts to indicate that the statement, even if false or defamatory, was ever published to any third party. Again, Plaintiff does not allege the necessary legal elements, or the factual

allegations to support those elements, to plead a claim of defamation. The Court should dismiss Count IV as well.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice. Defendants further request that it be awarded its costs and attorneys' fees and such other relief as the Court deems appropriate.

By Counsel

_________/s/_Amy Miller________

Amy Miller
D.C. Bar No. 473517
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Andre M. Duffy,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Communications Inc.,<br>Verizon Washington Inc.,<br>Lawrence T. Babbio,<br>Anthony A. Lewis,<br>Michael Hoover,<br>Mark Gilbert,<br>John Does 1 through X (X being individuals whose identities are presently unknown),<br>and ABC Corp. 1 through X (X being corporations or Other Business entities whose identities are presently unknown)<br><br>Defendants. | Case Number No.: 05-02005 TFH |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order were served via registered mail, return-receipt requested, as well as first class United States Mail, postage prepaid, on August 29, 2006, to:

Andre M. Duffy
417 Shadow Way Lane
Pensacola, FL 32506

/s/ Amy Miller
Amy Miller

\4124760.1