UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE M. DUFFY,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., et al.,<br><br>    Defendants. | 05-CV-2005 (TFH) |

**ORDER**

On August 29, 2006, the defendants filed a Motion to Dismiss Plaintiff's Complaint by Defendants Verizon Communications, Inc., Verizon Washington Inc., Lawrence T. Babbio, Anthony A. Lewis, Michael Hoover, and Mark Gilbert [Docket #4], which seeks to dismiss the plaintiff's lawsuit on the grounds that the plaintiff fails to state claims for wrongful discharge, intentional infliction of emotional distress, or defamation. Def.'s Mem. of P. & A. In Supp. of Def.'s Mot. to Dismiss 4. The defendants also argue that any claim for defamation is barred by the applicable statute of limitations. *Id.* No timely opposition to the defendants' motion has yet been filed by the plaintiff. Accordingly, it is hereby

**ORDERED** that the plaintiff shall file a memorandum in response to the defendant's motion to dismiss **on or before April 13, 2007**. The plaintiff's memorandum shall set forth the legal bases for his claims and address each of the arguments raised by the defendants in their motion to dismiss. If the plaintiff fails to file his memorandum on or before April 13, 2007, the Court will treat the defendants' motion as conceded and dismiss the plaintiff's

lawsuit with prejudice in accordance with LCvR 7(b) of the Rules of the United States District Court for the District of Columbia.  The plaintiff can obtain a copy of the Rules of the United States District Court for the District of Columbia from the court's website at www.dcd.uscourts.gov.  Furthermore, the plaintiff is reminded that he is required to comply with both the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia, including any deadlines required by those rules.  *See*, *e.g.*, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (stating that, although *pro se* litigants are permitted greater latitude to correct defects in pleadings, they nevertheless must comply with the applicable rules).

**SO ORDERED.**

March 29, 2007                                                              /s/
                                                                    Thomas F. Hogan
                                                                      Chief Judge