UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE M. DUFFY,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Civ. Action No. 05-02005 (TFH) |

## MEMORANDUM OPINION

On October 7, 2005, Andre M. Duffy, proceeding *pro se*, filed a Complaint against Verizon Communications, Inc., Verizon Washington, Inc., Lawrence T. Babbio, Anthony A. Lewis, Michael Hoover, Mark Gilbert, and John Does 1 through X (X being corporations or other business entities whose identities were then unknown) alleging various theories of wrongful discharge and intentional infliction of emotional distress. On August 29, 2006, the defendants filed a motion to dismiss the plaintiff's Complaint (Docket Entry No. 4) pursuant to Federal Rule of Civil Procedure 12(b) on the grounds that the plaintiff failed to state cognizable claims or was barred by the statute of limitations from asserting certain claims. According to this Court's local rules, the plaintiff was required to file a memorandum of points and authorities in opposition to the defendants motion to dismiss "[w]ithin 11 days of the date of service" of that motion. LCvR 7(b), *available at* http://www.dcd.uscourts.gov/LocalRulesEdited-101206.pdf. No such opposition brief was filed by the plaintiff. Consequently, after more than six months passed without a rejoinder from the plaintiff, the Court issued an order directing the plaintiff to

respond to the defendants' motion and warning the plaintiff that if he failed to do so "the Court will treat the defendants' motion as conceded and dismiss the plaintiff's lawsuit with prejudice in accordance with LCvR 7(b) of the Rules of the United States District Court for the District of Columbia."[1] Order, March 29, 2007 (Docket Entry No. 6).

Despite the Court's order, the plaintiff failed to file any response to the defendants' motion. It is nearly a year later, and there has been no word at all from the plaintiff. Indeed, the case docket is devoid of any activity since the date of the Court's order. Accordingly, as the Court forewarned, and in accordance with LCvR 7(b), the Court will exercise its discretion and deem the plaintiff to have conceded to the points raised in the defendants' motion to dismiss. Furthermore, given the plaintiff's concession, and after a careful review of the pleadings, the relevant case law, and the entire record in this case, the Court will grant the motion.[2] As a result,

---

[1] "The Rule is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues . . . ." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

[2] The Court recognizes that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings" and, although they "do not need to provide detailed guidance to pro se litigants," courts nevertheless "should supply minimal notice of the consequences of not complying with procedural rules." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). This principle does not, however, afford *pro se* plaintiffs a wholesale exemption from compliance with applicable rules and easily-comprehended court orders. *Id.* (noting that pro se litigants may not ignore the rules of procedure); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (concluding that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay" and "failed to adhere to readily comprehended court deadlines of which he was well-aware").

the plaintiff's Complaint will be dismissed with prejudice.  An appropriate order will accompany this Memorandum Opinion.

August 27th, 2007

_____
Thomas F. Hogan
Chief Judge